UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 70.95.68.140,<br><br>　　　　　　　　　　Defendant. | Case No.: 23cv1558-H-MSB<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**<br><br>**[ECF NO. 4]** |

　　　　On August 30, 2023, Plaintiff Strike 3 Holdings, LLC ("Strike 3") filed an "Ex-Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference" ("Ex Parte Application").  (ECF No. 4-1 at 2.)  Plaintiff seeks to subpoena Defendant John Doe's Internet Service Provider ("ISP") Spectrum for "limited, immediate discovery . . . so that Plaintiff may learn Defendant's identity, further investigate Defendant's role in the infringement, and effectuate service."  (ECF No. 4-1 at 7–8.)  Because Defendant has not been identified, no opposition or reply briefs have been filed.  For the following reasons, the Ex Parte Application is **GRANTED.**

///
///
///

## I.   BACKGROUND

Plaintiff owns the copyright to certain motion pictures.  (ECF No. 4-2 at 4.)  On August 24, 2023, Plaintiff filed a Complaint alleging that Defendant John Doe, an internet subscriber assigned Internet protocol ("IP") address 70.95.68.140, has been using the BitTorrent protocol to commit "rampant and wholesale copyright infringement" by downloading and distributing 26 movies over an extended period of time.  (ECF No. 1 at 2.)  Plaintiff alleges it used its proprietary forensic software, VXN Scan, to discover that Defendant's IP address was illegally distributing Plaintiff's copyrighted motion pictures.  (ECF No. 4-1 at 7; ECF No. 4-2 at 19–20.)

On August 30, 2023, Plaintiff filed the instant Ex Parte Application to seek leave to serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Defendant's ISP, Spectrum.  (ECF No. 4-1 at 7, 18.)  Plaintiff maintains that the Rule 45 subpoena "will only demand the true name and address of Defendant[,]" and Plaintiff "will only use this information to prosecute the claims made in its Complaint."  (ECF No. 4-1 at 8.)  Plaintiff further claims that "[w]ithout this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights."  (ECF No. 4-1 at 8.)

## II.   LEGAL STANDARD

Generally, formal discovery is not permitted before the parties have conferred pursuant to Federal Rule of Civil Procedure 26(f).  Fed. R. Civ. P. 26(d)(1).  Courts, however, have made exceptions "in rare cases . . . permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999).  Courts in the Ninth Circuit apply a "good cause" standard to decide whether to permit early discovery.  Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275–76 (N.D. Cal. 2002).  "Good cause" is established "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."  Id.

"[W]hen the defendants' identities are unknown at the time the complaint is filed, courts may grant plaintiffs leave to take early discovery to determine the defendants' identities 'unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" 808 Holdings, LLC v. Collective of Dec. 29, 2011 Sharing Hash E37917C8EEB4585E6421358FF32F29C D63C23C91, Civil No. 12cv00186 MMA(RBB), 2012 WL 12884688 (S.D. Cal. May 8, 2012) (quoting Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). "A district court's decision to grant discovery to determine jurisdictional facts is a matter of discretion." Columbia Ins. Co., 185 F.R.D. at 578.

District Courts in the Ninth Circuit typically apply a three-factor test when considering motions for early discovery to identify Doe defendants. Id. at 578–80. First, the moving party should be able to "identify the missing party with sufficient specificity [] that the Court can determine that [the] defendant is a real person or entity who could be sued in federal court." Id. at 578. Second, the movant "should identify all previous steps taken to locate the elusive defendant" to ensure "that [the movant has made] a good faith effort to comply with the requirements of the service of process and specifically identifying defendants." Id. at 579. Third, the plaintiff "should establish to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss." Id.; see also Gillespie, 629 F.2d at 642 (stating early discovery to identify unknown defendants should be permitted unless the complaint would be dismissed on other grounds).

In addition to satisfying all three factors, plaintiff should provide "reasons justifying the specific discovery requested [and] identification of a limited number of persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." Columbia Ins. Co., 185 F.R.D. at 580; see also Gillespie, 629 F.2d at 642 (explaining that early discovery is precluded if it is not likely to provide the identity of the defendant). These safeguards

are intended to ensure that early discovery "will only be employed in cases where the plaintiff has in good faith exhausted traditional avenues for identifying a civil defendant pre-service, and will prevent the use of this method to harass or intimidate." Columbia Ins. Co., 185 F.R.D. at 578.

### III.  ANALYSIS

Plaintiff seeks leave to serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Defendant's ISP, Spectrum.  (ECF No. 4-1 at 8, 17.)  The Cable Privacy Act generally prohibits a cable operator from disclosing "personally identifiable information concerning any subscriber without the prior written or electronic consent of the subscriber concerned[.]"  47 U.S.C. § 551(c)(1).  A cable operator, however, may disclose the information if the disclosure is made pursuant to a court order and the cable operator notifies the subscriber of the order.  47 U.S.C. § 551(c)(2)(B).  A cable operator is "any person or group of persons" who "provides cable service over a cable system and directly or through one or more affiliates owns a significant interest in such cable system," or "otherwise controls or is responsible for, through any arrangement, the management and operation of such a cable system."  47 U.S.C. § 522(5).

Spectrum is a cable operator, and the information Plaintiff seeks falls within the exception to the Cable Privacy Act's disclosure prohibition.  See 47 U.S.C. §551(c)(2)(B).  Accordingly, if Plaintiff satisfies the multi-factor test used by district courts to determine whether early discovery is warranted, Doe defendants' ISP may disclose the requested information pursuant to this Court's order.

### A.  Plaintiff Has Identified Defendant with Sufficient Specificity

Plaintiff must identify Defendant with enough specificity to allow the Court to determine that Defendant is a real person or entity, subject to the jurisdiction of this Court.  See Columbia Ins. Co., 185 F.R.D. at 578.  "[A] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing conduct, and by using 'geolocation

technology' to trace the IP addresses to a physical point of origin." 808 Holdings, LLC, 2012 WL 12884688, at *4.

In support of its Ex Parte Application, Plaintiff submitted the Declaration of David Williamson, an Information Systems and Management Consultant. (See ECF No. 4-2.) Mr. Williamson uses Plaintiff's infringement detection system, VXN Scan, to identify the IP addresses used by individuals infringing Plaintiff's movies through the BitTorrent protocol. (Id. at 8.) Further, although the BitTorrent protocol contains some default and automatic functions, the functions that Plaintiff accuses Defendant of using require human operation. See Christopher Civil, Mass Copyright Infringement Litigation: Of Trolls, Pornography, Settlement and Joinder, 30 Syracuse J. Sci. & Tech. L. 2, 12 (2014) ("BitTorrent transfers do not involve a centralized server that hosts or transfers the data files in question. Instead, BitTorrent involves users interacting directly with other users to upload and download the content."). Accordingly, Plaintiff has established that an actual human was involved in the downloading and sharing of Plaintiff's allegedly infringed works.

Plaintiff also submitted the Declaration of Patrick Paige, a managing member at Computer Forensics, LLC, where Mr. Paige contends that he utilized Packet Capture ("PCAP"), "a computer file containing captured or recorded data transmitted between network devices[,]" and VXN Scan to connect Defendant's IP address to the alleged "piece of an infringing copy of Plaintiff's works." (ECF No. 4-2 at 20.) According to Mr. Paige, "[t]he PCAP contains a record data concerning that transaction, including, but not limited to, the [IP] Addresses used in the network transaction, the date and time of the network transaction, the port number used to accomplish each network transaction, and the Info Hash value that the VXN Scan used as the subject of its request for data." (Id.) Mr. Paige contends that the contents of the PCAP confirm that the infringing activity connected to the IP address 70.95.68.140 was initiated on August 1, 2023, at 14:38:57 UTC. (Id.) Mr. Paige concludes that "the PCAP evidence shows that within that transaction, IP address 70.95.68.140 uploaded a piece or pieces of a file corresponded

to hash value [representing Plaintiff's works] to VXN Scan." (Id.) This date and time correspond with the date and time when one of Plaintiff's works were allegedly illegally downloaded according to Exhibit A of Plaintiff's Complaint. (ECF No. 1-2 at 1.)

In addition, Plaintiff submitted the Declaration of Emilie Kennedy, Plaintiff's in-house General Counsel, in which Ms. Kennedy asserts geolocation was done by an unspecified person to identify the location of Defendant on three separate occasions. (ECF No. 4-2 at 29.) First, "[a]fter [Plaintiff] received infringement data from VXN Scan identifying IP address 70.95.68.140 as infringing its works, the IP address was automatically inputted into Maxmind's Geolocation Database . . . on September, 21 2020[.]" (Id.) Based on this search, Ms. Kennedy contends that "Maxmind determined that the IP address traced to a location in San Diego, California, which is within this Court's jurisdiction." (Id.) Defendant's IP address was subsequently inputted by Plaintiff into Maxmind's Database prior to the filing of Plaintiff's Complaint, and prior to the filing of the instant Ex Parte Application. (Id.) On both occasions the IP address linked to Defendant, 70.95.68.140, traced to this district.[1]

Plaintiff has provided sufficient information about infringing activity tied to Defendant's unique IP address, the specific date and time associated with the activity, and the location of the activity. Therefore, Plaintiff has demonstrated with sufficient specificity that Defendant is a real person or entity, likely subject to the jurisdiction of this Court. See Crim. Prods., Inc. v. Doe-72.192.163.220, Case No. 16-cv-2589 WQH (JLB), 2016 WL 6822186, at *3 (S.D. Cal. Nov. 18, 2016) (holding that the sufficient specificity threshold is satisfied when the IP address identified by Maxmind geolocation services identifies a physical location within the court's jurisdiction).

///
///

---

[1] Attached as Exhibit 1 to Ms. Kennedy's Declaration is a chart reflecting the results of the third and final MaxMind Database search, showing the IP address alleged to be involved in the illegal downloads and confirming that the location traces to San Diego, CA. (ECF No. 4-2 at 32–33.)

### B.     Plaintiff Made a Good Faith Effort to Identify Defendant

Plaintiff must also demonstrate that it has taken previous steps to locate and serve the Defendant.  See Columbia Ins. Co., 185 F.R.D. at 579.  Although Plaintiff maintains it diligently attempted to identify Defendant by searching for Defendant's IP address "on various web search tools, including basic search engines like www.google.com," Plaintiff does not submit evidence supporting this claim.  (ECF No. 4-1 at 14.)  However, Ms. Kennedy's Declaration and the MaxMind results attached as Exhibit D indicate that Plaintiff took substantial steps to locate Defendant's IP address and identify Defendant's ISP.  (ECF No. 4-2 at 29–32.)  Despite these efforts, Plaintiff was unable to correlate the IP address to Defendant's identity.  Plaintiff maintains that it has been "unable to identify any other way to go about obtaining the identities of its infringers and does not know how else it could possibly enforce its copyrights from illegal piracy over the Internet."  (ECF No. 4-1 at 14.)  The Court therefore finds that Plaintiff has made a good faith effort to identify, locate, and serve the Defendant.  See Malibu Media, LLC v. John Does 1 through 6, Civil No. 12–cv–1355–LAB (DHB), 2012 WL 4471538, at *3 (S.D. Cal. Sept. 26, 2012) (finding plaintiff's efforts to identify Doe defendant were sufficient because "there is no other way for [p]laintiff to obtain [d]efendants' identities, except by serving a subpoena on [d]efendants' ISPs demanding it[]"); see also Digital Sin, Inc. v. Does 1-5698, No. C 11-04397 LB, 2011 WL 5362068, at *2 (N.D. Cal. Nov. 4, 2011) (finding plaintiff's attempts to identify and locate defendant sufficient, where the plaintiff "investigated and collected data on unauthorized distribution of copies of the [alleged infringed work] on BitTorrent-based peer-to-peer networks.").

### C.     Plaintiff's Suit Could Withstand a Motion to Dismiss

Plaintiff must further show that the Complaint in this case could withstand a motion to dismiss.  See Columbia Ins. Co., 185 F.R.D. at 579.  A suit may be dismissed pursuant to Rule 12(b) on several bases.  Of all the bases that bear dismissal, those relevant here are lack of subject matter jurisdiction, lack of personal jurisdiction, and

1  failure to state a claim.  Fed. R. Civ. P. 12(b)(1), (2), (6).  As to both subject matter and
2  personal jurisdiction, Plaintiff has alleged facts sufficient to survive a motion to dismiss.
3  For subject matter jurisdiction, Plaintiff's Complaint alleges that "[t]his Court has subject
4  matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question); and
5  28 U.S.C. § 1338 (jurisdiction over copyright actions)."  (ECF No. 1 at 2.)  On the issue of
6  personal jurisdiction, Plaintiff maintains it used geolocation technology to determine
7  that Defendant's IP address correlates to a physical address in San Diego, CA, which falls
8  within the jurisdiction of the Southern District of California.  (Id.)
9         A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure
10 tests the sufficiency of the allegations in the Complaint.  Navarro v. Block, 250 F.3d 729,
11 732 (9th Cir. 2001).  Plaintiff's Complaint alleges a single cause of action against
12 Defendant for direct copyright infringement.  (ECF No. 1 at 7–8.)  To allege a claim for
13 direct copyright infringement, a plaintiff must show:  "(1) ownership of a valid copyright;
14 and (2) that the defendant violated the copyright owner's exclusive rights under the
15 Copyright Act."  Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004).  "In addition,
16 direct infringement requires the plaintiff to show causation (also referred to as
17 'volitional conduct') by the defendant."  Perfect 10, Inc. v. Giganews, Inc., 847 F.3d 657,
18 666 (9th Cir. 2017).
19        Plaintiff alleges it owns the copyrights to the works that are the subject of this suit
20 and claims that the works "have been registered with the United States Copyright
21 Office."  (ECF No. 1 at 7.)  Plaintiff also alleges that Defendant "used the BitTorrent file
22 network to illegally download and distribute Plaintiff's copyrighted motion pictures[,]"
23 and did so "without authorization."  (Id. at 5, 7.)  Assuming Plaintiff's allegations are
24 true, they state a claim on which relief can be granted.  See A&M Recs., Inc. v. Napster,
25 Inc., 239 F.3d 1004, 1013–14 (9th Cir. 2001) (finding plaintiffs sufficiently demonstrated
26 ownership and infringement by showing Napster allowed its users to download
27 copyrighted music, up to seventy percent of which was owned or administered by the
28 plaintiffs); see also Malibu Media, LLC v. Doe, Case No. 16CV1916-GPC(JMA), 2016 WL

8

23cv1558-H (MSB)

6216183, at *2 (S.D. Cal. Oct. 25, 2016) (holding plaintiff alleged a prima facie case of copyright infringement against defendant by alleging that plaintiff owned twelve copyrighted movies at issue, and that defendant infringed plaintiff's copyrights by copying and distributing plaintiff's movies through the BitTorrent network without plaintiff's permission). Therefore, Plaintiff has sufficiently alleged a prima facie elements of copyright infringement, and its Complaint will likely withstand a motion to dismiss.

### D. Whether Requested Discovery Will Lead to Identifying Information

Finally, Plaintiff is required to demonstrate that "there is a reasonable likelihood that the discovery process will lead to identifying information about defendant that would make service of process possible." Columbia Ins. Co., 185 F.R.D. at 580. As discussed above, Plaintiff's forensic investigation uncovered the unique IP address 70.95.68.140. (ECF No. 4-2 at 20.) Specifically, Plaintiff submits the declaration of David Williamson who confirms that the PCAP analyzer, which is connected to the Maxmind database, can determine the Internet Service Provider of an IP address. (ECF No. 4-2 at 14-15.) Plaintiff submits Exhibit 1 attached to Emilie Kennedy's declaration, showing Spectrum as the service provider of the IP address 70.95.68.140. (ECF No. 4-2 at 32.) Plaintiff further submits the declaration of Patrick Paige, who explains that "Spectrum is the only entity that can correlate" Defendant's IP address to the IP address owner's identity based on his experience in similar cases. (ECF No. 4-2 at 22.) Accordingly, if Spectrum provides Plaintiff with Defendant's name and address, this will likely lead to information making it possible for Plaintiff to effectuate service on Defendant.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference [ECF No. 4] as follows:

///
///
///

1. Plaintiff may serve a subpoena pursuant to Federal Rule of Civil Procedure 45 on Spectrum, seeking only the name and address of the subscriber assigned to the IP address 70.95.68.140. Plaintiff may not subpoena additional information about the subscriber;

2. Plaintiff may only use the disclosed information to protect its copyrights in the instant litigation;

3. Within fourteen (14) calendar days after service of the subpoena, Spectrum shall notify the subscriber assigned the IP address 70.95.68.140 that his, her, or its identity has been subpoenaed by Plaintiff;

4. The subscriber whose identity has been subpoenaed shall have thirty (30) calendar days from the date of the notice to challenge the disclosure of his, her, or its name and address by filing an appropriate pleading with this Court contesting the subpoena;

5. If Spectrum wishes to move to quash the subpoena, it shall do so before the return date of the subpoena. The return date of the subpoena must allow for at least forty-five (45) days from service to production. If a motion to quash or other customer challenge is brought, Spectrum shall preserve the information sought by Plaintiff in the subpoena pending resolution of the motion or challenge;

6. Plaintiff shall serve a copy of this Order with any subpoena obtained and served to Spectrum pursuant to this Order;

7. Spectrum must provide a copy of this Order along with the required notice to the subscriber whose identity is sought pursuant to this Order.

8. No other discovery is authorized at this time.

**IT IS SO ORDERED.**

Dated: October 10, 2023

Honorable Michael S. Berg
United States Magistrate Judge