# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 70.95.68.140,<br><br>　　　　　　　　　Defendant. | Case No.: 3:23-cv-01558-H-MSB<br><br>**ORDER DENYING DEFENDANT'S OBJECTION**<br><br>[Doc. Nos. 8, 10.] |

On August 24, 2023, Strike 3 Holdings, LLC ("Plaintiff") filed a complaint against John Doe subscriber assigned IP address 70.95.68.140 ("Defendant"). (Doc. No. 1.) On or around November 1, 2023, Plaintiff served a third-party subpoena on Defendant's Internet Service Provider, Spectrum, in order to obtain Defendant's identifying information. (Doc. No. 6.) On December 11, 2023, the Court received a letter from an individual objecting to the disclosure of sensitive internet information related to the case. (Doc. Nos. 8, 10.) On December 19, 2023, Plaintiff filed an opposition to the letter objecting to the subpoena. (Doc. No. 12.) Plaintiff asserts that Defendant filed the letter objecting to the subpoena and notes that to the extent Defendant's letter constitutes a motion to quash and a motion for a protective order, Plaintiff opposes Defendant's motion to quash but does not oppose Defendant's motion for a protective order. (Id. at 2.) For the

reasons explained below, the Court denies Defendant's objection to the subpoena and enters a limited protective order in this matter. Defendant may proceed pseudonymously as "John Doe" for the next 60 days from the date of this order.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 45, any party may serve a subpoena commanding a nonparty to "attend and testify; produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control; or permit the inspection of premises." Fed. R. Civ. P. 45(a)(1)(A)(iii). A nonparty served with a subpoena may object to the subpoena within fourteen days after service or before the time for compliance if less than fourteen days. Fed. R. Civ. P. 45(d)(2)(B). A party to the action, however, cannot simply object to a subpoena served on a nonparty, but rather must make a motion to quash or seek a protective order. See Moon v. SCP Pool Corp., 232 F.R.D. 633, 636 (C.D. Cal. 2005) (citations omitted).

Upon a timely motion, the Court must quash or modify a subpoena that: (1) "fails to allow a reasonable time to comply"; (2) "requires a person to comply beyond the geographical limits specified in Rule 45(c)"; (3) "requires disclosures of privileged or other protected matter, if no exception or waiver applies"; or (4) "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Moreover, the Court may, on motion, quash or modify a subpoena if it requires: (1) "disclosing a trade secret or other confidential research, development, or commercial information"; or (2) "disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B). "[T]he party who moves to quash a subpoena has the burden of persuasion." Strike 3 Holdings, LLC v. Doe, No. 19-cv-2452-JAH-LL, 2020 WL 2467067, at *2 (S.D. Cal. May 13, 2020) (citing Moon, 232 F.R.D. at 637).

## II. DISCUSSION

As an initial matter, Defendant, a party to the instant action, cannot object to a subpoena served on a nonparty, but rather must make a motion to quash or seek a protective

order. See Moon, 232 F.R.D. at 636. Accordingly, Defendant's objection is procedurally improper and warrants denial on this basis alone.

Furthermore, even if the Court construes Defendant's objection as a motion to quash, Defendant does not raise any legitimate grounds for quashing the subpoena under Rule 45(d)(3). Although Defendant argues that "[t]he information in question pertains to private online activities, and its disclosure would violate [his or her] right to privacy," Plaintiff's interest in seeking limited discovery to obtain Defendant's identity outweighs Defendant's privacy interest. See, e.g., Strike 3 Holdings, LLC v. Doe, No. 18-cv-02648-VEC, 2019 WL 78987, at *4 (S.D.N.Y. Jan. 2, 2019) ("Defendant's privacy interest in withholding his identity from Plaintiff is not sufficient to 'permit him to avoid having to defend against a claim of copyright infringement.'" (citation omitted)); Strike 3 Holdings, LLC v. Doe, No. 23-cv-00092-H-MMP, 2023 WL 4280799, at *2 (S.D. Cal. June 29, 2023) ("[T]o the extent that Defendant seeks to quash Plaintiff's subpoena to Spectrum due to privacy concerns, . . . Plaintiff's interest in seeking limited discovery to obtain Defendant's identity outweighs Defendant's privacy interest."). Moreover, Defendant's concern regarding the possibility of "security risks" is not the type of harm Rule 45 protects against. "The burden that Rule 45 refers to is burden on the subpoenaed party or entity, not on a third party." Malibu Media, LLC v. John Does 1-6, 291 F.R.D. 191, 196 (N.D. Ill. 2013). "As courts have consistently recognized, a subpoena directed to an internet service provider does not compel the defendant to produce any information, and thus does not burden him; rather, it is the internet service provider that is compelled to produce the information." Id. Furthermore, Defendant's contention that "[he or she] has not been provided with sufficient justification for the need to disclose this information" is similarly unavailing. As Plaintiff correctly points out in its opposition, the Magistrate Judge issued a comprehensive order granting early discovery and weighing the necessary factors against the facts of the instant action. (See Doc. No. 5 at 4–9.) Because Defendant has failed to meet his or her burden of persuasion to demonstrate that the subpoena should be quashed under Rule 45(d)(3), the Court denies Defendant's objection.

Lastly, in its opposition to Defendant's objection, Plaintiff indicates that it does not oppose the Court entering a protective order and permitting Defendant to proceed pseudonymously as "John Doe" during the course of this litigation. (Doc. No. 12 at 3.) "The normal presumption in litigation is that parties must use their real names." Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted). This presumption is rooted in the public's right to open courts and the right of individuals to confront their accusers. Id.; see also Does I through XXIII v. Adv. Textile Corp., 214 F.3d 1058, 1067 (9th Cir. 2000) (explaining that a party's use of a fictitious name "runs afoul of the public's common law right of access to judicial proceedings"). Moreover, "there is a general right to inspect and copy public records and documents, including judicial records and documents." Kamehameha Sch./Bernice Pauahi Bishop Est., 596 F.3d at 1042–43 (internal quotations and citation omitted). "The public interest in understanding the judicial process has supported [this] general history of access." Id. at 1043 (internal quotations and citation omitted).

The Ninth Circuit allows a party to "preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Adv. Textile Corp., 214 F.3d at 1068. Applying this balancing test, courts in the Ninth Circuit have permitted parties to use pseudonyms in three situations: (1) "when identification creates a risk of retaliatory physical or mental harm"; (2) "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature"; and (3) "when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution." Id. (citations omitted). The fact that a party "may suffer some embarrassment or economic harm is not enough." See Doe v. Rostker, 89 F.R.D. 158, 162 (N.D. Cal. 1981). Moreover, the Ninth Circuit has made clear that use of a pseudonym should only be permitted occasionally and in "unusual" cases. Adv. Textile Corp., 214 F.3d at 1067 ("In this circuit, we allow parties to use pseudonyms in the unusual case . . . ." (internal quotations and citations omitted)); United

States v. Stoterau, 524 F.3d 988, 1012 (9th Cir. 2008) ("As a general rule, the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." (internal quotations and citations omitted)).  In the context of discovery, courts may grant a protective order upon a showing of good cause pursuant to Federal Rule of Civil Procedure 26(c).  Fed. R. Civ. P. 26(c).

This Court acknowledges the public's right to open courts and generally disagrees with the notion of parties proceeding anonymously.  However, given that Plaintiff is still investigating whether Defendant is the infringer, the Court enters a limited protective order in this matter.  Defendant may proceed pseudonymously as "John Doe" for the next 60 days from the date of this order.  This protective order fairly balances Plaintiff's and Defendant's interests and addresses any privacy concerns that Defendant may have while Plaintiff has an opportunity to further investigate whether Defendant is the infringer.

### III. CONCLUSION

For the foregoing reasons, the Court denies Defendant's objection to the subpoena and enters a limited protective order in this matter.  Defendant may proceed pseudonymously as "John Doe" for the next 60 days from the date of this order.  The Court directs the Clerk of the Court to redact Defendant's name from the publicly filed letter objecting to the subpoena and notice of document discrepancies.  (Doc. Nos. 10, 11.)  Plaintiff is directed to serve a copy of this order on Spectrum.

**IT IS SO ORDERED.**

DATED: January 23, 2024

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT